JS 44 (Rev. 12/07) **CIVIL COVER SHEET** 15-cv-2402

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MELISSA DEVIN MAGNESS, individually and on behalf of all others similarly situated

**DEFENDANTS**

Bank of America, N.A., et al.

**(b)** County of Residence of First Listed Plaintiff  Philadelphia, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Charlotte, NC
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite A
Huntingdon Valley, PA 19006 (215) 364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

❏ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

❏ 2 U.S. Government Defendant

❏ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | Alien Detainee | | ❏ 950 Constitutionality of |
| | Other | | ❏ 465 Other Immigration | | State Statutes |
| | ❏ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

❏ 2 Removed from State Court

❏ 3 Remanded from Appellate Court

❏ 4 Reinstated or Reopened

❏ 5 Transferred from another district (specify)

❏ 6 Multidistrict Litigation

❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227

Brief description of cause:
TCPA Claim

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  5/1/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

MAY 0 1 2015

# UNITED STATES DISTRICT COURT

## 15   2402

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Road, Suite A Huntingdon Valley, PA 19006

Address of Defendant: 100 N. Tryon Street Charlotte, NC 28255

Place of Accident, Incident or Transaction: Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐   No☒

Does this case involve multidistrict litigation possibilities?      Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Eric Rayz, Esq. , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/1/15          _____          87976

Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/1/15          _____     MAY 0 1 2015     87976

Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)     MAY 0 1 2015



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MAGNESS, et al. | : | CIVIL ACTION |
| v. | : | 15  2402 |
| BANK OF AMERICA, N.A., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　( x )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　( )

| | | |
|---|---|---|
| 5/1/15 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY 0 1 2015

Court Name: EDPA-Philadelphia
Division: 2
Receipt Number: PPE128277
Cashier ID: jsirow
Transaction Date: 05/01/2015
Payer Name: ERIC RAYZ

CIVIL FILING FEE
  For: ERIC RAYZ
  Case/Party: D-PAE-2-15-CV-002401-001
  Amount:        $400.00
CIVIL FILING FEE
  For: ERIC RAYZ
  Case/Party: D-PAE-2-15-CV-002402-001
  Amount:        $400.00

CREDIT CARD
  Amt Tendered:  $800.00

Total Due:      $800.00
Total Tendered: $800.00
Change Amt:     $0.00

Only when bank clears the check,
money order, or verifies credit of
funds is the fee or debt officially
paid or discharged.  A $53 fee will
be charged for a returned check.







**FILED**

MAY 0 1 2015

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

$400

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**15   2402**

| | |
|---|---|
| MELISSA DEVIN MAGNESS, individually and on behalf of all others similarly situated | |
| | Civil Action No.: _____ |
| Plaintiff | |
| | CLASS ACTION COMPLAINT |
| v. | |
| BANK OF AMERICA, N.A.; WALLED LAKE CREDIT BUREAU, LLC; URBAN SETTLEMENT SERVICES, LLC D/B/A URBAN LENDING SOLUTIONS; DIALOGUE MARKETING, INC.; and DOES 1 through 10, inclusive, | |
| | **JURY TRIAL DEMANDED** |
| Defendants | |

Melissa Devin Magness (hereinafter "Magness" or "Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act of 1991 (hereinafter "TCPA"), 47 U.S.C. § 227.

### THE PARTIES

2.      Plaintiff is an adult individual who is a citizen of the Commonwealth of Pennsylvania.

3.      Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of TCPA.

4.      Defendant BANK OF AMERICA, N.A. (hereinafter, individually, "BOA") is a national bank, engaged in the business of debt collection, within the Commonwealth of Pennsylvania.  BOA is a subsidiary of Bank of America Corporation with its headquarters



located in Charlotte, North Carolina.

5.       Defendant WALLED LAKE CREDIT BUREAU, LLC (hereinafter, individually, "WLCB") is a limited liability company, organized in the State of Michigan, registered to do business in the Commonwealth of Pennsylvania, and engaged in the business of debt collection within the Commonwealth of Pennsylvania.  Upon information and belief, WLCB's principal place of business is located at 2328 Ventura Dr. Walled Lake, MI 48390.

6.       Indeed, when registering to do business in the Commonwealth of Pennsylvania (as well as a multitude of other states), WLCB disclosed that the sole purpose of its formation, operation, and registration is debt collection.

7.       WLCB has sought, applied for, and/or secured licensing as a debt collector in every U.S. jurisdiction that requires such licensing and where WLCB does business.

8.       Defendant URBAN SETTLEMENT SERVICES, LLC D/B/A URBAN LENDING SOLUTIONS (hereinafter, individually, "Urban") is Pennsylvania limited liability company, engaged in the business of debt collection, within the Commonwealth of Pennsylvania. Urban is the parent company of WLCB.

9.       Defendant DIALOGUE MARKETING, INC. (hereinafter, individually, "DMI") is a Michigan corporation with a principal place of business in Troy, Michigan, engaged in the business of providing inbound and outbound call center services.

10.       Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in

2

engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

11.     Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendants" and each allegation pertains to each Defendant.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

13.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14.     The Eastern District of Pennsylvania is the proper venue for this litigation pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

15.     Defendants regularly use an instrumentality of interstate commerce in a business of collection of debts in default and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due (or asserted to be owed or due) another.

16.     At all times material hereto, Defendants acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendants.

17.     In June of 2011, Plaintiff purchased a townhouse, located in the Northern Liberties section of Philadelphia.  Plaintiff bought this property to use as a personal residence.

18.     The purchase was facilitated by a loan from BOA.

19.     Thereafter, as customary, Plaintiff began receiving regular "mortgage statements"

3

from BOA that identified the necessary monthly payment due to BOA.

20.     At all times relevant hereto, after receiving her mortgage statements, Plaintiff made timely, up-to-date payments to BOA, in accordance with the mortgage statements.

21.     In addition to the monthly amounts due under the mortgage, Plaintiff also made regular, voluntary, and significant contributions towards the principal of the loan.

22.     In August of 2012, Plaintiff did not receive her regular mortgage statement. Plaintiff telephoned BOA to inquire about the statement and the status of her mortgage.

23.     A BOA representative informed Plaintiff that her account was current and that, although she did not receive a mortgage statement, she was still responsible for making her payment to BOA.  Plaintiff subsequently made a payment in the amount she was told to make by the BOA representative.

24.     Several days later, Plaintiff received a package, delivered by FedEx.  Thinking that the package was from BOA, Plaintiff accepted the package, because she was familiar with BOA's logos and insignia.  Indeed, the package specifically noted it contained "Important Information from Bank of America Home Loans."

25.     Notably, however, the package indicated that it may have been sent from an entity other than BOA – WLCB.

26.     The package also threatened that the delinquency status of Plaintiff's mortgage "will be reported to credit reporting agencies."

27.     After receiving this package in September 2012, Plaintiff immediately called BOA to inquire about the status of her account.  During this phone call, for the first time, Plaintiff was told by a BOA representative that there was an issue with her escrow account balance and that she needed to submit additional funds to cover the balance.

28. The issue surrounding Plaintiff's escrow balance stemmed from her changing home insurers. Unbeknownst to Plaintiff at that time, BOA made payments to both insurers out of Plaintiff's escrow account.

29. At no time was Plaintiff delinquent in her mortgage payments.

30. Despite not being in default or being behind by two months payments, Plaintiff immediately paid the requested amount. After relying on BOA's representations and remitting an additional payment, Plaintiff was told that everything was now "OK" and that a note would be placed on her account that all further **collection activity** must cease.

31. Two days later, Plaintiff began receiving phone calls on her cellular phone from then unknown individuals, claiming that she owes money to BOA. The individuals identified themselves as both calling "from BOA" and also claiming to be "representing BOA."

32. Plaintiff has subsequently learned that these telephone calls were initiated by automatic telephone dialing system from a call center manned by DMI personnel, hired and/or otherwise retained by Urban, and overseen by WLCB. All of these calls were done in accordance with BOA's operating guidelines. In short, these unwanted calls were initiated by BOA, Urban, WLCB, and DMI.

33. Confused and frustrated, Plaintiff again called BOA to determine the status of her account. During the course of this call, a representative of BOA stated that the account was "up to date" and without any default. At that time, Defendants were informed that they must stop calling Plaintiff. BOA's representative confirmed that, although this issue involved a "different department," there would be no more **collection activity** with regard to Plaintiff's account and that all phone calls will be stopped and/or halted.

34. Nonetheless, in the days following the conference call with the BOA

5

representative, Plaintiff still continued to receive phone calls from multiple individuals, who claimed to be calling from BOA or, in some instances, "representing" BOA.

35. Despite Plaintiff's demand that the collection calls cease, the individuals continued calling, dialing her cellular phone number repeatedly.

36. In total, from mid-August through mid-September of 2012, BOA attempted to contact Plaintiff directly thirty-four (34) times. A number of these calls were directed to Plaintiff's cellular phone. In addition, during the same period of time, BOA, thorough the other Defendants, contacted Plaintiff at least four (4) additional times.

37. Defendants knew or should have known that their actions violated the TCPA.

38. Defendants could have taken the steps necessary to bring their agents' actions into compliance with the TCPA, but Defendants neglected to do so and failed to adequately review those actions to insure compliance with the law.

39. Defendants' conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

40. Defendants' conduct, as alleged herein, violated the TCPA in that they initiated numerous telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system after Plaintiff requested that these calls cease.

41. Accordingly, Defendants willfully and knowingly violated the TCPA. Indeed, even a cursory review of Plaintiff's records would have revealed that her phone number contained a Florida area code and that she lived in Pennsylvania – a clear indication that the caller would be dialing a cellular telephone number.

42. Consequently, upon information and belief, Defendants did not maintain any system to determine whether the automatic telephone dialing system was dialing a cellular phone

Case 2:15-cv-02402-LDD   Document 1   Filed 05/01/15   Page 11 of 16

number.

43.     Upon information and belief, BOA established a set of comprehensive procedures and policies, as to the initiation, frequency, and termination of the phone calls that were to be directed to the TCPA Class members. For example, BOA expected that, once a BRP was sent, the other Defendants would initiate a follow-up telephone campaign to individuals to whom the BRP was addressed by calling the telephone numbers provided by BOA.

44.     It was the expectation that Urban, WLCB, and DMI would follow and conform to these mandates.

45.     Upon information and belief, as a result of BOA's procedures, policies, and guidelines, there were thousands of calls initiated during the relevant time period to TCPA Class members. Indeed, Plaintiff received at least four (4) such calls.

46.     Despite BOA's comprehensive procedures, policies, and guidelines, upon information and belief, there was no protocol between Defendants to convey that a TCPA Class member, including Plaintiff, revoked their consent to receiving telephone calls from Defendants.

47.     Plaintiff and the members of the Classes have been (and will continue to be) damaged due to Defendants' violations of the TCPA, as set forth herein.

48.     Plaintiff and the members of the Classes have suffered and will continue to suffer actual damages due to Defendants' conduct, as set forth herein. Left unabated, Defendant will continue to disregard the protections afforded consumers under the TCPA.

### CLASS ACTION ALLEGATIONS

49.     Plaintiff brings this action on behalf of herself and similarly-situated individuals pursuant to Fed.R.Civ.P. 23.

50.     Plaintiff brings this action as a nationwide class action for Defendants' violations

of the TCPA on behalf of the following class of individuals: all persons and entities throughout the United States (a) to whom Defendants placed, or caused to be placed, calls (b) directed to a number assigned to a cellular telephone service, by (c) using an automatic telephone dialing system or an artificial or prerecorded voice, (d) within four years preceding the date of this complaint, (e) absent prior express consent (hereinafter "Class").

51.     The number of individuals in the Class is so numerous that joinder of all members is impracticable.  The exact number of members of in the Class can be determined by reviewing Defendants' records.  Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in the defined Class.

52.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

53.     A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

54.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Further, absent these actions, members of the Classes likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the TCPA.  In addition, Defendants are likely to continue to violate this statute.

55.     Furthermore, even if any member of the Class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.  Concentrating this

litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

56.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The questions of law and fact common to the Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

        a.    Whether Defendants continued to call Plaintiff and Class members on their cellular telephones after such individuals revoked their consent to receive such calls;

        b.    Whether Defendants violated the TCPA by calling Class members' cellular telephones using an automatic telephone dialing system; and

        c.    Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of damages.

57.     Plaintiff's claims are typical of the claims of members of the Class. Plaintiff and members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendants.

58.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

### COUNT I
### Violation of the TCPA

59.     Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

60.     At all times relevant hereto, Defendants used, controlled and or operated an "automatic telephone dialing systems," as defined by 47 U.S.C. § 227(a)(1).

9

61.    Defendants initiated multiple telephone calls to Plaintiff and Class members'
cellular telephone lines using an automatic telephone dialing system.    47 U.S.C. §
227(b)(1)(A)(iii).  These calls were made after Plaintiff and Class members revoked their prior
consent to receive such calls.

62.    No exemption applies to Defendants' conduct, as the Third Circuit has recently
determined that an individual or entity can be held liable under the TCPA for using an automated
telephone dialing system to call a consumer's cellular phone after the consumer asked not to be
contacted.  See Gager v. Dell Financial Services, LLC, 727 F.3d 265 (3rd Cir. 2013).

63.    The acts and or omissions of Defendants were done willfully and knowingly,
absent *bona fide* error, lawful right, legal defense, justification, or legal excuse.

64.    In relevant part, the TCPA provides:

> A person or entity may, if otherwise permitted by the laws or rules
> of court of a State, bring in an appropriate court of that State—
>
> (A)    an action based on a violation of this subsection or the
> regulations prescribed under this subsection to enjoin such
> violation,
>
> (B)    an action to recover for actual monetary loss from such a
> violation, or to receive $500 in damages for each such violation,
> whichever is greater, or
>
> (C)    both such actions.
>
> If the court finds that the defendant willfully or knowingly violated
> this subsection or the regulations prescribed under this subsection,
> the court may, in its discretion, increase the amount of the award to
> an amount equal to not more than 3 times the amount available
> under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

65.    As a result of the above violations of the TCPA, Defendants are liable to Plaintiff
and the members of the Class in the sum of statutory damages, actual damages, and treble

damages.

## **CLAIM FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for:

(a)     A Declaration that Defendants have violated the applicable provisions of

the TCPA;

(b)     An Order designating this action as a class action pursuant to Federal Rule

of Civil Procedure 23;

        (c)     An Order appointing Plaintiff and her counsel to represent the Classes;

        (d)     An Order enjoining Defendants from any further violations of the TCPA;

        (e)     Actual damages;

        (f)     Statutory damages;

        (g)     Treble damages for violations of the TCPA;

        (h)     Attorneys' fees and costs; and

        (i)     Such other relief as the Honorable Court shall deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

## **(SIGNATURE ON THE NEXT PAGE)**

Date: <u>May 1, 2015</u>

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

/s/

Arkady "Eric" Rayz, Esquire
Demetri A. Braynin, Esquire
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III, Esquire
Robert J. Gray, Esquire
2200 Renaissance Blvd., Suite 308
King of Prussia, PA 19406
Phone: (610) 822-3702
Fax: (610) 822-3800
Email: gwells@cwg-law.com
Email: rgray@cwg-law.com

Counsel for Plaintiff and the Proposed Class