# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELISSA DEVIN MAGNESS, individually
and on behalf of all others similarly situated,

        Plaintiff,

      v.

BANK OF AMERICA, N.A.; WALLED
LAKE CREDIT BUREAU, LLC; URBAN
SETTLEMENT SERVICES, LLC D/B/A
URBAN LENDING SOLUTIONS;
DIALOGUE MARKETING, INC.; and DOES
1 through 10, inclusive,

        Defendants.

CIVIL ACTION NO. 15-cv-2402

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS WALLED LAKE CREDIT BUREAU, LLC AND URBAN SETTLEMENT SERVICES, LLC

Defendants Walled Lake Credit Bureau, LLC ("Walled Lake") and Urban

Settlement Services, LLC ("Urban," and together with Walled Lake, the "Defendants"), through

their undersigned counsel, hereby answer Plaintiff's Class Action Complaint ("Complaint") as

follows:

### AS TO INTRODUCTION

1.    Defendants deny the averments in paragraph 1 of the Complaint as conclusions of

law to which no response is required.  If and to the extent a further response is deemed

necessary, Defendants deny the averments in paragraph 1 of the Complaint, except admit only

that Plaintiff purports to bring her action under the cause of action referenced.

## AS TO THE PARTIES

2.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 2 of the Complaint and therefore deny the same.

3.     Defendants deny the averments in paragraph 3 of the Complaint as conclusions of law to which no response is required. If and to the extent a further response is deemed necessary, Defendants deny the averments in paragraph 3 of the Complaint.

4.     This allegation is directed to a party other than Defendants and, therefore, no response is required.

5.     Defendants admit only that Walled Lake maintains a principal place of business in Michigan, and is a limited liability company organized under the laws of the State of Michigan. The remainder of the averments in paragraph 5 of the Complaint are denied as conclusions of law to which no response is required. To the extent any further response is deemed necessary, the phrase "business of debt collection" is vague and ambiguous and Defendants did not attempt to collect any debt from Plaintiff and the allegation is denied on those grounds.

6.     Defendants deny the averments in paragraph 6 of the Complaint as conclusions of law to which no response is required. To the extent any further response is deemed necessary, the phrase "sole purpose of its formation, operation, and registration is debt collection" is vague and ambiguous and Defendants did not attempt to collect any debt from Plaintiff and the allegation is denied on those grounds.

7.     The averments in paragraph 7 of the Complaint are denied as stated. By way of further answer, Defendants admit only that Walled Lake is a licensed debt collector in several jurisdictions.

8.     Defendants admit only that Urban is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, and is an affiliate of Walled Lake. The remainder of the averments in paragraph 8 of the Complaint are denied as conclusions of law to which no response is required. To the extent any further response is deemed necessary, the phrase "business of debt collection" is vague and ambiguous and Defendants did not attempt to collect any debt from Plaintiff and the allegation is denied on those grounds.

9.     This allegation is directed to a party other than Defendants and, therefore, no response is required.

10.    Defendants deny the averments in paragraph 10 of the Complaint as conclusions of law to which no response is required. To the extent any further response is deemed to be required, Defendants deny the averments in paragraph 10 of the Complaint.

11.    The averments in paragraph 11 of the Complaint are denied as stated and Defendants further deny that they may be held liable for the actions or omissions of any other Defendant.

## AS TO JURISDICTION AND VENUE

12.    Defendants deny the averments in paragraph 12 of the Complaint as conclusions of law to which no response is required. If and to the extent a further response is deemed necessary, Defendants deny the averments in paragraph 12 of the Complaint, except admit only that Plaintiff purports to bring the jurisdiction of this action under the statutes cited.

13.    Defendants deny the averments in paragraph 13 of the Complaint as conclusions of law to which no response is required. If and to the extent a further response is deemed necessary, Defendants deny the averments in paragraph 13 of the Complaint.

14.    Defendants deny the averments in paragraph 14 of the Complaint as conclusions of law to which no response is required. If and to the extent a further response is deemed

necessary, Defendants deny the averments in paragraph 14 of the Complaint, except admit only that Plaintiff purports to bring the venue of this action under the statutes cited.

## AS TO FACTUAL ALLEGATIONS

15.     Defendants deny the averments in paragraph 15 of the Complaint as conclusions of law to which no response is required.  If and to the extent a further response is deemed necessary, the phrase "business of collection of debts" is vague and ambiguous and Defendants did not attempt to collect any debt from Plaintiff and the remaining allegations are denied.

16.     Defendants deny the averments in paragraph 16 of the Complaint as conclusions of law to which no response is required.  If and to the extent a further response is deemed necessary, Defendants deny the averments in paragraph 16 of the Complaint.

17.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17 of the Complaint and therefore deny the same.

18.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18 of the Complaint and therefore deny the same.

19.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 of the Complaint and therefore deny the same.

20.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20 of the Complaint and therefore deny the same.

21.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21 of the Complaint and therefore deny the same.

22.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 of the Complaint and therefore deny the same.

23.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 23 of the Complaint and therefore deny the same.

24.     To the extent the averments in paragraph 24 of the Complaint characterize a document that speaks for itself, they are denied. To the extent any further response is required, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 24 of the Complaint and therefore deny the same.

25.     To the extent the averments in paragraph 25 of the Complaint characterize a document that speaks for itself, they are denied. To the extent any further response is required, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25 of the Complaint and therefore deny the same.

26.     To the extent the averments in paragraph 26 of the Complaint characterize a document that speaks for itself, they are denied. To the extent any further response is required, Defendants deny the averments in paragraph 26 of the Complaint including Plaintiff's inaccurate characterizations of the subject document and specifically deny the characterization that the document "threatened" Plaintiff in any manner.

27.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 27 of the Complaint and therefore deny the same.

28.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 28 of the Complaint and therefore deny the same.

29.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 29 of the Complaint and therefore deny the same.

30.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 30 of the Complaint and therefore deny the same.

31.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 31 of the Complaint and therefore deny the same.

32.     Defendants deny the averments in paragraph 32 of the Complaint as conclusions of law to which no response is required.  If and to the extent a further response is deemed necessary, Defendants deny the averments in paragraph 32 of the Complaint.

33.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 33 of the Complaint and therefore deny the same.

34.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 34 of the Complaint and therefore deny the same.

35.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 35 of the Complaint and therefore deny the same.

36.     Admitted in part and denied in part.  Defendants admit only that they attempted to reach Plaintiff on four (4) occasions in September 2012 and never attempted to call her again after September 19, 2012.  Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 36 of the Complaint and therefore deny the same.

37.     Defendants deny the averments in paragraph 37 of the Complaint as conclusions of law to which no response is required.  To the extent any further response is deemed necessary, Defendants deny the averments in paragraph 37 of the Complaint.

38.     Defendants deny the averments in paragraph 38 of the Complaint as conclusions of law to which no response is required.  To the extent any further response is deemed necessary, Defendants deny the averments in paragraph 38 of the Complaint.

39.     Defendants deny the averments in paragraph 39 of the Complaint as conclusions of law to which no response is required.  To the extent any further response is deemed necessary, Defendants deny the averments in paragraph 39 of the Complaint.

40.     Defendants deny the averments in paragraph 40 of the Complaint as conclusions of law to which no response is required.  To the extent any further response is deemed necessary, Defendants deny the averments in paragraph 40 of the Complaint.

41. Defendants deny the averments in paragraph 41 of the Complaint as conclusions of law to which no response is required. To the extent any further response is deemed necessary, Defendants deny the averments in paragraph 41 of the Complaint.

42. Defendants deny the averments in paragraph 42 of the Complaint.

43. To the extent the averments in paragraph 43 of the Complaint characterize a document that speaks for itself, they are denied. To the extent any further response is required, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 43 of the Complaint and therefore deny the same.

44. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 44 of the Complaint and therefore deny the same, except to state that Defendants complied with all applicable laws, regulations, rules, and other requirements in their dealings, if any, with Plaintiff and the proposed Class.

45. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 45 of the Complaint and therefore deny the same, except to state that Defendants complied with all applicable laws, regulations, rules, and other requirements in their dealings, if any, with Plaintiff and the purported class members.

46. Defendants deny the averments in paragraph 46 of the Complaint as conclusions of law to which no response is required. To the extent any further response is deemed necessary, Defendants deny the averments in paragraph 46 of the Complaint.

47. Defendants deny the averments in paragraph 47 of the Complaint as conclusions of law to which no response is required. To the extent the averments in paragraph 47 of the

Complaint are not conclusions of law, Defendants deny them and specifically deny that they caused any damages to Plaintiff or any purported class members.

48.     Defendants deny the averments in paragraph 48 of the Complaint as conclusions of law to which no response is required. To the extent the averments in paragraph 48 of the Complaint are not conclusions of law, Defendants deny them and specifically deny that they caused any damages to Plaintiff or any purported class members.

## AS TO CLASS ACTION ALLEGATIONS

49.     Defendants deny the averments in paragraph 49 of the Complaint as conclusions of law to which no response is required. To the extent a further response is deemed necessary, Defendants deny the averments in paragraph 49 of the Complaint, except admit only that Plaintiff purports to bring this action pursuant to Fed. R. Civ. P. 23.

50.     Defendants deny the averments in paragraph 50 of the Complaint as conclusions of law to which no response is required. To the extent a further response is deemed necessary, Defendants deny the averments in paragraph 50 of the Complaint, except admit only that Plaintiff purports to bring this action on behalf of a nationwide class.

51.     Defendants deny the averments in paragraph 51 of the Complaint to the extent they are conclusions of law to which no response is required. To the extent the averments in paragraph 51 of the Complaint are not conclusions of law, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 51 of the Complaint and therefore deny the same.

52.     Defendants deny the averments in paragraph 52 of the Complaint to the extent they are conclusions of law to which no response is required. To the extent the averments in paragraph 52 of the Complaint are not conclusions of law, Defendants state that they are without

knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 52 of the Complaint and therefore deny the same.

53.     Defendants deny the averments in paragraph 53 of the Complaint to the extent they are conclusions of law to which no response is required. To the extent the averments in paragraph 53 of the Complaint are not conclusions of law, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 53 of the Amended Complaint and therefore deny the same.

54.     Defendants deny the averments in paragraph 54 of the Complaint to the extent they are conclusions of law to which no response is required. To the extent the averments in paragraph 54 of the Complaint are not conclusions of law, Defendants specifically deny that they have done anything improper and state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 54 of the Complaint and therefore deny the same.

55.     Defendants deny the averments in paragraph 55 of the Complaint to the extent they are conclusions of law to which no response is required. To the extent the averments in paragraph 55 of the Complaint are not conclusions of law, Defendants deny them.

56.     Defendants deny the averments in paragraph 56 of the Complaint to the extent they are conclusions of law to which no response is required. To the extent the averments in paragraph 56 of the Complaint are not conclusions of law, Defendants deny them.

57.     Defendants deny the averments in paragraph 57 of the Complaint to the extent they are conclusions of law to which no response is required. To the extent the averments in paragraph 57 of the Complaint are not conclusions of law, Defendants specifically deny that they have caused damage to any person and state that it is without knowledge or information

sufficient to form a belief as to the truth of the remaining averments in paragraph 57 of the Complaint and therefore deny the same.

58.     Defendants deny the averments in paragraph 58 of the Complaint to the extent they are conclusions of law to which no response is required.  To the extent the averments in paragraph 58 of the Complaint are not conclusions of law, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 58 of the Complaint and therefore deny the same.

## AS TO COUNT I
### Alleged Violation of the TCPA

59.     Defendants incorporate their responses in paragraphs 1 through 58 above as if fully set forth herein.

60.     Defendants deny the averments in paragraph 60 of the Complaint as conclusions of law to which no response is required.  To the extent any further response is deemed to be required, Defendants deny the averments in paragraph 60 of the Complaint.

61.     Defendants deny the averments in paragraph 61 of the Complaint as conclusions of law to which no response is required.  To the extent any further response is deemed to be required, Defendants deny the averments in paragraph 61 of the Complaint.

62.     Defendants deny the averments in paragraph 62 of the Complaint as conclusions of law to which no response is required.  To the extent any further response is deemed to be required, Defendants deny the averments in paragraph 62 of the Complaint.

63.     Defendants deny the averments in paragraph 63 of the Complaint as conclusions of law to which no response is required.  To the extent any further response is deemed necessary, Defendants deny the averments in paragraph 63 of the Complaint.

64.     Defendant denies the averments in paragraph 64 of the Complaint as conclusions of law to which no response is required.

65.     Defendants deny the averments in paragraph 65 of the Complaint to the extent they are conclusions of law to which no response is required. To the extent any further response is required, Defendants deny the averments in paragraph 65 of the Complaint and specifically deny that they caused any person any damage.

## AS TO JURY DEMAND

66.     Defendants do not concede that Plaintiff has any right to a trial by jury.

WHEREFORE, Defendants requests that judgment be entered in their favor and that the Court award all other appropriate relief as it deems just and proper.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state any claim upon which relief may be granted.

2.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or the doctrines of estoppel, release and waiver and to the extent Plaintiff's claims or those of any putative class have previously been settled and released.

3.     Any injury that Plaintiff may have suffered, such being denied, was not as a result of any conduct on the part of Defendants.

4.     Defendants' actions or inactions were not the proximate, legal, or substantial cause of any damages, injury or loss suffered by Plaintiff, the existence of which is denied.

5.     Any purported damages suffered by Plaintiff were caused in whole or in part by the actions or omissions of third parties over whom Defendants have no control, authority, or responsibility and the conduct of said third parties constitutes an intervening or superseding cause of Plaintiff's alleged damages, if any.

6.     At all relevant times, Defendants acted in good faith and with due diligence toward Plaintiff.

7.     Plaintiff consented to the subject telephone calls.

8.     If the Telephone Consumer Protection Act was violated, the same being specifically denied, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

9.     Plaintiff has not suffered any injury.

10.    Plaintiff lacks Article III standing.

11.    Plaintiff is not entitled to the damages sought in the Complaint.

12.    If Plaintiff suffered any damages or losses, such damages or losses were caused, in whole or in part, by Plaintiff's own conduct, acts or omissions.

13.    Plaintiff failed to mitigate her damages.

14.    Plaintiff's and the putative class's claims are barred, in whole or in part, because they cannot satisfy some or all of the requirements for maintaining a class action.

15.    Plaintiff is an inadequate class representative and her counsel are inadequate class counsel.

16.    Plaintiff's damages claim under the TCPA is barred due to an absence of any actual damages. Hence, any statutory damages are an excessive fine and violate Defendants' rights under the Due Process and Takings Clause of the United States Constitution and/or applicable state constitutions.

17.    Defendants reserve the right to amend their Answer to add additional defenses as upon revelation of additional facts through investigation and discovery.

WHEREFORE, Defendants requests that judgment be entered in their favor and that the Court award all other appropriate relief as it deems just and proper.

/s/ *Martin C. Bryce, Jr.*
Martin C. Bryce, Jr. (PA I.D. #59409)
Christopher N. Tomlin (PA I.D. #206266)
bryce@ballardspahr.com
tomlinc@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Defendants, Walled Lake Credit Bureau, LLC and Urban Settlement Services, LLC*

Dated: July 27, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July 2015, I caused a true and correct copy of the foregoing Answer to Class Action Complaint to be served on the following via ECF transmission:

Eric Rayz, Esquire
Dmitry A. Braynin, Esquire
Kalikhman & Rayz, LLC
1051 County Line Road, Suite A
Huntingdon Valley, PA 19006

Gerald D. Wells, III, Esquire
Robert J. Gray, Esquire
Connolly Wells & Gray, LLP
2200 renaissance Blvd.
Suite 308
King of Prussia, PA 19406

*Attorneys for Plaintiff*

Fred K. Hermann, Esquire
Kerr Russell & Weber, PLC
500 Woodward Ave., Suite 2500
Detroit, MI 48226

*Attorneys for Dialogue Marketing, Inc.*

Andrew J. Soven, Esquire
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19106

*Attorneys for Bank of America, N.A.*

/s/ *Martin C. Bryce, Jr.*
Martin C. Bryce, Jr.