# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELISSA DEVIN MAGNESS, individually and on behalf of all others similarly situated,

  Plaintiff,

v.

BANK OF AMERICA, N.A., *et al.*,

  Defendants.

No. 2:15-cv-2402-SD

## DEFENDANT DIALOGUE MARKETING, INC.'S ANSWER TO COMPLAINT

Defendant Dialogue Marketing, Inc. ("DMI"), by and through its attorneys, Montgomery McCracken Walker & Rhoads LLP, hereby answers and responds to the Complaint and Demand for Jury Trial filed by Plaintiff Melissa Devin Magness ("Plaintiff"), as to the allegations against DMI only, and states as follows:

### INTRODUCTION

1. DMI denies that it is liable to Plaintiff in any amount pursuant the TCPA or any other claim.

### THE PARTIES

2. DMI admits that Plaintiff is an adult individual. DMI neither admits nor denies the remaining allegation in this paragraph because DMI lacks knowledge or information sufficient to form a belief about the truth of the allegation.

3. This paragraph recites a legal conclusion to which no responsive pleading is required. To the extent responsive pleading is required, DMI neither admits nor denies the

allegation in this paragraph because it lacks knowledge or information sufficient to form a belief about the truth of the allegation.

4. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

5. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

6. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegation.

7. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegation.

8. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

9. DMI admits it is a Michigan corporation that was engaging in inbound and outbound call center services from Troy, Michigan, during the time of the telephone calls described in the Complaint.

10. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that Plaintiff should be permitted to amend her Complaint to include claims against additional defendants. DMI denies that any of its present or former officers, directors, employees, agents, or representatives is liable to Plaintiff or any member of the putative class, or is a party to a conspiracy. DMI denies that

any other person or entity is its alter ego.

11. DMI files this Answer on behalf of itself only and not on behalf of any of the other Defendants.

## JURISDICTION AND VENUE

12. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that the Court has jurisdiction pursuant to 15 U.S.C. § 1692k. DMI admits that the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

13. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI admits that the Court is empowered in some circumstances to enter declaratory judgments but denies that Plaintiff is entitled to such relief.

14. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI admits only that the acts alleged by Plaintiff occurred within this judicial district and that it is subject to personal jurisdiction in this district. DMI denies that it is liable to Plaintiff or any member of the putative class in any amount.

## FACTUAL ALLEGATIONS

15. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, the allegations in this paragraph are denied as they relate to DMI. DMI neither admits nor denies the allegations in this paragraph as

they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

16. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that any of its acts or omissions make it liable to Plaintiff or any member of the putative class in any amount. DMI admits that it has acted through agents and/or employees acting within the scope and course of their authority and/or employment on behalf of DMI. DMI admits that it made phone calls on behalf of Bank of America, N.A. ("BOA"). DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

17. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

18. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegation.

19. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegation.

20. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

21. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

22. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

23. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

24. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

25. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

26. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

27. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

28. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

29. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

30. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

31. DMI neither admits nor denies because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

32. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that any calls it placed to Plaintiff were initiated by an automatic telephone dialing system. DMI admits that it placed phone calls to Plaintiff on behalf of BOA. DMI neither admits nor denies the remaining allegations in this paragraph because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

33. DMI denies that Plaintiff informed it that it must stop calling her. DMI neither admits nor denies the remaining allegations in this paragraph because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

34. DMI neither admits nor denies the allegations in this paragraph because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

35. DMI denies the allegations in this paragraph as they relate to it. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

36. DMI neither admits nor denies the allegations in this paragraph because it lacks knowledge or information sufficient to form a belief about the truth of the allegation.

37. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies the allegations in this paragraph as they relate to it. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

38. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies the allegations in this paragraph as they relate to it. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

39. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies the allegations in this paragraph as they relate to it. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

40. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies the allegations in this paragraph as they relate to it. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

41. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that it violated the TCPA. DMI neither admits nor denies what a review of Plaintiff's records would have revealed because it lacks knowledge or information sufficient to form a belief about the truth of the allegation. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

42. DMI denies the allegations in this paragraph as they relate to it. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

43. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that Plaintiff has properly alleged or can maintain a class action. DMI admits that BOA established policies and procedures that applied to the initiation, frequency, and termination of the phone calls placed by DMI on behalf of BOA. DMI neither admits nor denies the remaining allegations in this paragraph because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

44. DMI neither admits nor denies the allegations in this paragraph because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

45. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that Plaintiff has properly alleged or can maintain a class action. DMI neither admits nor denies the allegations in this paragraph because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

46. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that Plaintiff has properly alleged or can maintain a class action. DMI neither admits nor denies the remaining allegations in this paragraph because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

47.　This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that Plaintiff has properly alleged or can maintain a class action. DMI denies that it has violated the TCPA and denies that it will violate the TCPA in the future. DMI further denies that Plaintiff or any member of the putative class has been damaged, or will continue to be damaged, as a result of any acts or omissions of DMI. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

48.　This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that Plaintiff has properly alleged or can maintain a class action. DMI further denies that Plaintiff or any member of the putative class has suffered, or will continue to suffer, actual damages as a result of any acts or omissions of DMI. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations. The remaining allegations in this paragraph are denied.

## CLASS ACTION ALLEGATIONS

49.　DMI denies that Plaintiff has properly alleged or can maintain a class action.

50.　DMI denies that Plaintiff has properly alleged or can maintain a class action.

51.　This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that Plaintiff has properly alleged or can maintain a class action. DMI denies the remaining allegations in this paragraph.

52. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that Plaintiff has properly alleged or can maintain a class action. DMI neither admits nor denies the allegations in this paragraph about Plaintiff's counsel's abilities to represent the putative class because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

53. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that Plaintiff has properly alleged or can maintain a class action. DMI denies the remaining allegations in this paragraph.

54. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that Plaintiff has properly alleged or can maintain a class action. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations. DMI denies the remaining allegations in this paragraph.

55. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that Plaintiff has properly alleged or can maintain a class action. DMI denies the remaining allegations in this paragraph.

56. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that Plaintiff has properly alleged or can maintain a class action. DMI denies the remaining allegations in this paragraph.

57. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that Plaintiff has properly

alleged or can maintain a class action. DMI denies the allegations in this paragraph as they relate to DMI. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

58. DMI neither admits nor denies Plaintiff's knowledge of difficulties that will be encountered in the management of this litigation because it lacks knowledge or information sufficient to form a belief about the truth of the allegations. DMI further answers that it has set forth multiple reasons why this litigation should not proceed in its Affirmative Defenses *infra*.

## COUNT I
## Violation of the TCPA

59. DMI hereby incorporates its prior responses as if fully set forth herein.

60. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that any calls it placed to Plaintiff were initiated by an automatic telephone dialing system. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

61. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that any calls it placed to Plaintiff were initiated by an automatic telephone dialing system. DMI denies that Plaintiff ever informed DMI that she had revoked her consent to receive calls from DMI. DMI neither admits nor denies whether it made any telephone calls to any cellular telephones of members of the putative class because it lacks knowledge or information sufficient to form a belief about the truth of the allegations. DMI neither admits nor denies the allegations in this paragraph as they

relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

62. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that it is liable to Plaintiff under the TCPA and further relies upon the Affirmative Defenses listed *infra*. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

63. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies the allegations in this paragraph as they relate to DMI. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

64. The TCPA speaks for itself. DMI denies that it violated the TCPA.

65. This paragraph recites legal conclusions to which no responsive pleading is required. To the extent responsive pleading is required, DMI denies that Plaintiff has properly alleged or can maintain a class action. DMI denies that it has violated the TCPA and denies that it is liable to Plaintiff or the members of the putative class in any amount. DMI denies the allegations in this paragraph as they relate to DMI. DMI neither admits nor denies the allegations in this paragraph as they relate to the other Defendants because it lacks knowledge or information sufficient to form a belief about the truth of such allegations.

## CLAIM FOR RELIEF

DMI requests that all Counts of the Complaint be dismissed with prejudice, that DMI be awarded its costs and fees in defense of this action, and that the Court award DMI such other relief as the Court deems just and equitable.

## RELIANCE ON JURY DEMAND

DMI hereby relies upon Plaintiff's Demand for Trial by Jury of the issues in this cause of action.

## AFFIRMATIVE DEFENSES

DMI asserts the following Affirmative Defenses:

1. The claims alleged in the Complaint are barred by release including but not limited to the release contained in the Settlement Agreement and Release approved in *Rose et al. v. Bank of Am. Corp et al.*, United States District Court for the Northern District of California, Case No. 11-cv-02390-EJD.

2. The claims alleged in the Complaint are barred because DMI had consent to call Plaintiff and the putative class members.

3. The claims alleged in the Complaint are barred because Plaintiff and the putative class members never communicated to DMI that they had revoked consent to receive telephone calls.

4. The claims alleged in the Complaint are barred because, if Plaintiff and/or the putative class members communicated to DMI that they had revoked consent to receive telephone calls, then DMI ceased calling them.

5. The claims alleged in the Complaint are barred because telephone calls alleged to have been placed to Plaintiff were not initiated by DMI.

6. The claims alleged in the Complaint are not justiciable for reasons which include but are not limited to Plaintiff's lack of standing.

7. The claims alleged in the Complaint and the damages sought are barred for lack of due process and/or equal protection.

8. The claims alleged in the Complaint are barred because Plaintiff improperly seeks to aggregate multiple penalties.

9. The claims alleged in the Complaint are barred because any telephone calls made by DMI were authorized, mandated, or exempt by operation of law, including but not limited to the Home Affordable Modification Program, Emergency Economic Stabilization Act of 2008, and the American Recovery and Reinvestment Act of 2009.

10. The claims alleged in the Complaint are barred because any telephone calls made by DMI were exempt from the TCPA for reasons that include but are not limited to that the calls were made for a commercial purpose.

11. DMI acted in compliance with Federal Trade Commission regulations, staff commentary and letter commentaries, and/or advisory opinions.

12. The claims alleged in the Complaint fail to state a claim upon which relief can be granted under the TCPA.

13. The claims alleged in the Complaint are barred because DMI did not know and/or

did not have reason to know that any numbers it called were cellular telephone numbers and/or Plaintiff and/or the putative class members failed to disclose that their numbers were cellular telephone numbers.

14. The claims alleged in the Complaint are barred by the statute of limitations and/or laches.

15. The claims alleged in the Complaint are barred by waiver and/or estoppel.

16. The claims alleged in the Complaint are barred by the failure to mitigate damages.

17. The claims alleged in the Complaint are barred by the Plaintiff's and/or the putative class members' own, comparative, and/or contributory negligence and/or fault.

18. The claims alleged in the Complaint are barred by the Plaintiff's and/or the putative class members' unclean hands and/or other equitable doctrines.

19. The claims alleged in the Complaint are barred by res judicata and/or collateral estoppel.

20. The claims alleged in the Complaint are barred by consent, ratification, or acquiescence in the alleged acts or omissions.

21. The claims alleged in the Complaint are barred because DMI's conduct was privileged and/or justified.

22. The claims alleged in the Complaint are barred because any alleged acts or omissions of DMI were the result of innocent mistake and/or *bona fide* error notwithstanding reasonable procedures implemented by DMI to avoid any such acts or omissions.

23. The claims alleged in the Complaint are barred because the acts or omissions of which Plaintiff complains have been approved and/or mandated, implicitly or expressly, by applicable statutes and regulations.

24. If Plaintiff sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, intentional misconduct, and/or intervening acts of others, and not by Defendants.

25. Any harm alleged by Plaintiff can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained, and DMI's liability if any is several and limited to its own actionable segment of fault, if any.

26. None of the communication alleged in the Complaint contain deception, false statements, or misleading statements, and DMI did not engage in fraudulent conduct that could create a likelihood of confusion or misunderstanding.

27. Plaintiff did not justifiably rely on any representation of Defendant.

28. DMI did not have the intent necessary to rise to a level of a reckless or willful act.

29. Plaintiff suffered no ascertainable loss of money or property.

30. DMI acted in good faith reliance on information provided by others.

31. The putative class action cannot be maintained because it fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

32. The putative class action cannot be maintained because the putative class is not sufficiently ascertainable.

33. The putative class action cannot be maintained because certifying the class would require inappropriate inquiry into the merits.

34. The putative class action cannot be maintained because the class is inadequately defined.

35. The putative class action cannot be maintained because the class action allegations define a fail-safe class.

36. DMI reserves the right to amend its Affirmative Defenses to include additional defenses that become known as the case proceeds.

July 27, 2015                               /s/ Peter Breslauer
                                            Peter Breslauer
                                            MONTGOMERY, MCCRACKEN, WALKER &
                                              RHOADS LLP
                                            123 South Broad Street, 24th Floor
                                            Philadelphia, PA 19109
                                            Tel: (215) 772-7271
                                            Fax: (215) 731-3733

                                            Fred K. Herrmann (*pro hac vice* to be filed)
                                            Daniel J. Ferris (*pro hac vice* to be filed)
                                            KERR, RUSSELL AND WEBER, PLC
                                            Suite 2500
                                            500 Woodward Avenue
                                            Detroit, MI 48226-3427
                                            Tel: (313) 961-0200
                                            Fax: (313) 961-0388

                                            ATTORNEYS FOR DEFENDANT
                                            DIALOGUE MARKETING, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2015, I electronically filed the foregoing DEFENDANT DIALOGUE MARKETING, INC.'S ANSWER TO COMPLAINT using the Court's CM/ECF system, which will send e-mail notification of the filing to all counsel of record. This document is available for viewing and downloading via the CM/ECF system.

/s/ Peter Breslauer